Wilde J.
delivered the opinion of the Court. The plaintiff moves that the plea of the defendant may be overruled ; and several reasons are assigned in support of this motion.
The first is, because the plea is insufficient in not averring that the cause of action accrued to the plaintiff six years and thirty days before the death of the defendant’s intestate, the plaintiff contending, that by St. 1793, c. 75, § 3, he was entitled to commence this suit at any time within two years after the granting of letters of administration to the defendant, provided the action was not barred thirty days before the death of her intestate. This objection to the plea would be well founded, if the plaintiff had made the proper averments in his bill, to bring his case within the provision relied on. But the time of the intestate’s death is not set out with any certainty. It is averred that he died on the first day of October, 1826, or thereabouts, and the time when administration was granted to the defendant does not appear. So that there is nothing in the bill to show that the plaintiff is entitled to maintain this suit under the third section of the statute of 1793, c. 75.[1]
If the plaintiff would avail himself of the provision contained m that section, he must amend his bill and make the proper averments. A plea is sufficient, if the facts averred amount to a bar to the suit as the case is stated in the bill.
*118 Another objection to the plea seems to have arisen from a mistake as to the foundation and scope of the bill. The bill is not founded on the contract under seal; that is alleged merely as inducement. The partnership was dissolved in 1803, by the death of John Codman, one of the partners ; and the stock on hand was divided between the parties. The defendant’s intestate then undertook, as the bill alleges, to collect and adjust the partnership debts, and to pay over the plaintiff’s share. This parol undertaking or assumpsit is the foundation of the plaintiff’s claim, and therefore the statute of limitations applies.
Then it is objected that the plea is not sufficiently supported by the answer, because it is not alleged that the cause of action accrued six years and thirty days before the death of the defendant’s intestate, nor that any demand had been made upon the said intestate to render an account. But it seems to the Court that the answer is well enough. The defendant pleads the general clause of limitation in the statute of 1786, c. 52, and relies upon that statute. She is not bound to show negatively that the plaintiff’s case did not come within the statute of 1793, c. 75, but it is incumbent on the plaintiff to show affirmatively that it did. Nor could the defendant be required to state, in her answer, the time when a demand to account was made on her intestate, because it cannot be supposed to be within her knowledge, and the allegation in the plea, that the cause of action, if any, accrued more than six years before the commencement of the suit, is equivalent to an averment, that a demand to account, if necessary, was made before that time, and if before, then the precise time when the demand was made becomes immaterial.
The remaining objection, that this is a case within the exception in the statute of limitations, as to merchants’ accounts, is clearly unfounded. The plaintiff’s claim is founded on a supposed undertaking of the defendant’s intestate to collect and account for the partnership debts ; and therefore cannot be brought within the exception of the statute.

Motion to overrule the plea overruled.

Oct 5th, 1830.

Oct. llih.

Ai April term 1830, the plaintiff filed a replication, alleging that the causes of action set forth in the bill, did accrue within six years next before the commencement of the suit, to wit, after the death of the intestate and when a demand was first made on the administratix for an account, as alleged in the bill.
The case was briefly argued by Jlshmun.
Wilde J.
delivered the opinion of the Court. The plaintiff has offered no evidence of any promise made by the defendant, or her intestate, or of any recognition of their liability, within six years before the commencement of the suit; but he relies on the facts stated in the bill and admitted by the plea and answer, to show that the original cause of action did not accrue until 1826, when a demand was made on the defendant for an account. It is averred in the bill, that no account was rendered, or demanded, after the settlement in 1809, until after the decease of the defendant’s intestate in 1826. This allegation is not expressly denied in the answer, out the defendant alleges that she has been informed and believes, that during that time the plaintiff repeatedly and for years had possession of the books and papers of the concern ; and that she considered all matters between the parties to be finally settled. Whether a previous demand were made or not, she relies on the presumption arising from the lapse of time, and contends that in 1826, when an account was demanded, the plaintiff had no valid subsisting claim, and so that no right of action accrued to him thereby.
The question is, whether a dormant claim may be revived by a demand after seventeen years, during the whole or nearly the whole of which time a demand might have been made,.but was not, and no reason is assigned for the omission.
Generally, where a debt is payable in money and on demand, the statute of limitations begins to run immediately after the debt is contracted ; but if a demand previous to the commencement of an action is necessary, the statute will not begin to run until a demand is made.[1] But in the latter case there must be some limitation to the right of making a demand. *120 A party must not be permitted to sleep over bis rights, to the prejudice of the party on whom he makes a claim, and who by the delay may be deprived of the evidence and means of effectually defending himself. A demand must be made within a reasonable time ; otherwise the claim is considered stale, and no relief will be granted in a court of equity.
What is to be considered a reasonable time for this purpose, does not appear to be settled by any precise rule. It must depend on circumstances. If no cause for delay can be shown, it would seem reasonable to require the demand to be made within the time limited by the statute for bringing the action. There is the same reason for hastening the demand, that there is for hastening the commencement of the action ; and in both cases the same presumptions arise from delay. In the present case, the plaintiff, by his own showing, is chargeable with great laches. He has lain by for seventeen years without making any claim, and until after the death of the intestate whose estate he now seeks to charge. In the mean time many of the papers of the intestate have been lost by fire, and the defendant declares her inability to answer more fully than she has done in support of her plea. No sufficient reason is suggested in the bill for this long delay ; and to decree an account under such circumstances, would be a most dangerous precedent, against public policy, and the principles and rules of equity. If then it were admitted that the suit is not barred by the statute of limitations, still enough appears to show that the plaintiff is not entitled to relief in a court of equity, and further proceedings would be useless. In cases not strictly barred, but which nevertheless depend on reasons analogous to those on which the statute is founded, a court of equity will take the provision of the statute as a guide to its discretion, and refuse relief; leaving the party to his legal remedy, if he has any legal right.
Bill dismissed.

 See Revised Stat. c. 120, § 10.

 See Little v. Blunt, 9 Pick. 490, 491 ; Picquet v. Swan, 1 Sumner, 478.