## JAMES D. KILGORE

*v.*

## H. B. FERGUSON *et al.*

1. PLEADING—*general rule.* It is a familiar rule of pleading that facts only should be stated, and not arguments or inferences, or matter of law. Thus, in an action against officers for refusing to approve an official bond, it is not sufficient to allege generally that the bond was good and sufficient. The facts should be stated which will show it to be in compliance with the requirements of the statute.

2. CASE—*against board of supervisors for not approving treasurer's bond given to release former sureties.* In an action on the case, by a county treasurer, against members of a board of supervisors, to recover damages for their refusal to approve the treasurer's bond given in lieu of a former one, on notice by his sureties, the declaration simply averred that the bond was good and sufficient, but failed to show, by the statement of facts, that it was such a bond as the statute required, or that it was executed and filed in the time required after the service of notice on him: *Held*, on general demurrer, that the declaration was fatally defective, and showed no right to recover.

APPEAL from the Circuit Court of Ford county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Messrs. WOLFE & KINNEAR, for the appellant.

Messrs. POLLOCK & SAMPLE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is an action on the case, for the recovery of damages claimed to have been sustained by the plaintiff in consequence of the wrongful acts of the defendants as members of the board of supervisors of Ford county.

The declaration contains but one count, and it is by it alleged, after reciting the election of the plaintiff as county treasurer of Ford county, and the execution of bond by him as such, "that the defendants were then members of the board of supervisors of said county of Ford, and, as such super-

visors, did, for the purpose and with the intent to injure, defraud and cheat the plaintiff, request, solicit, urge and incite the securities on the said bond of the plaintiff to withdraw from such securityship; that said securities, acting upon the request, incitement and under the influence of them, the said defendants, did, on the 25th day of July, 1874, at the county aforesaid, in the manner prescribed by law, notify the plaintiff of their desire to be released of their said suretyship;.that it thereupon became his duty to tender to the said board of supervisors, within the time specified.by law, a further and other good and sufficient bond as such treasurer and collector of said county; that within the time limited by the statute in such case made and provided, to-wit: ten days thereafter, he filed in the office of the clerk of said county, and for the approval of said board of supervisors, a good and sufficient bond as such treasurer and collector; that, on the 11th day of August, 1874, at the county of Ford aforesaid, at a meeting and session of the said board then held in the court house, in the town of Paxton, there being then and there present, and members of said board of supervisors, these defendants, and also    *    *    *    *    members of the said board, they, the said defendants, and the said    *    *    *  constituting a quorum of said board, and being sufficient to enable the said board to transact business as such board of supervisors, the said bond being then and there good and sufficient, and being then and there presented to the said board for their approval, they, the said defendants, did then and there, with purpose and intent to acquire to themselves profit, emolument and gain, as well as to injure and damage the plaintiff, as hereinafter averred, and they, and each of them, well knowing that said bond was good, and in fact and law sufficient, wilfully, falsely, fraudulently, corruptly and maliciously declared the said bond was not a good and sufficient bond for the office of the treasurer and collector of the said county of Ford, the said defendants fraudulently, wickedly and maliciously intending thereby to injure the plaintiff,

and to thereby deprive him of the office of treasurer and collector of the said county of Ford; and the plaintiff avers that the said defendants did then and there, by so wilfully, fraudulently and corruptly refusing to approve the said official bond of the plaintiff, cause said office to become vacated and the plaintiff to lose the same," etc.

A general demurrer was filed to the declaration, upon which the court gave judgment for the defendants.

The only question before us is, was that judgment erroneous?

The plaintiff has only argued the question whether members of a board of supervisors can be held responsible, in an action on the case, for refusing to approve a bond given by a treasurer and collector, when, in all respects, free of valid objections. This question is one of very considerable importance, and should not be passed on until it is properly presented, and then only after full examination of the authorities, and mature deliberation. The present declaration we consider too imperfect to fairly present the question, or to justify us in considering it.

A familiar elementary rule of pleading is, that facts only are to be stated, and not arguments or inferences, or matter of law. 1 Chitty's Pleading. 245.

Whether the bond of the plaintiff was good and sufficient, depended on whether it was executed pursuant to the requirements of the statute. By section 144, Revised Statutes of 1874, p. 881, it is enacted that the treasurers of counties under township organization, and the sheriffs of counties not under township organization, shall be *ex officio* county collectors of their respective counties; and by the next section it is provided: "Said collector shall, on or before the first day of December, annually, or as soon as he is elected and qualified, and before he enters upon the duties of his office as collector, execute a bond. in addition to his bond as treasurer, in a penal sum of at least double the amount of State taxes to be collected in the year next thereafter, with two or more secu-

rities, who shall be residents of the said county, and owners of real estate located within this State equal in value to the amount specified in the bond, which amount shall be determined, and which bond shall be approved, by the county board," etc. Section 149 of the same chapter is as follows: " The securities on any bond given in pursuance of this act, or either of them, may, at any time after the execution of said bond, if they, or either of them, have good reason to believe that the officer in said bond is about to fail to comply with the conditions thereof, file with the county clerk a notice in writing, verified under oath by the person asking to be discharged, setting forth the facts in the case, and asking to be released from any further liability on said bond; whereupon the clerk, with whom such notice shall be filed, shall notify the said officer to give additional security, equal to the security about to be released by the county board, which notice may be served by the said clerk, or by any person appointed by said board or clerk. If the officer so notified shall not appear and give additional security within two days after notification, the county board may remove him from office," etc.

There are no averments in the declaration showing that the bond tendered by the plaintiff conformed to these requirements of the law, and unless it did, the defendants were not authorized to approve it, whatever may have been their disposition towards the plaintiff. It is not enough to say that the bond was good and sufficient. The existence of the facts should have been distinctly averred, that made it good and sufficient. The question whether it was good and sufficient, is for the court, and not the plaintiff, to determine. Unless, by facts averred and proved, it shall be clearly made to appear that the defendants have wilfully and corruptly injured the plaintiff in respect to his right to his office, there can in no event be a recovery.

The demurrer was properly sustained, and the judgment must be affirmed.                    *Judgment affirmed.*