## Adelbert W. Olds
### v.
## The Chicago Open Board of Trade et al.

PLEADING.—Common law rights and duties are known to the courts, but the duties of a private corporation toward its members and the rights of members thereof as against fellow members and as against the corporation can only be known by an inspection of the charter and by-laws of such corporations. As the declaration in this action against the Open Board of Trade, and certain members of such board, for conspiracy in causing plaintiff to be suspended in violation of the board's rules, etc., does not set forth the rules or regulations of such board nor what acts the plaintiffs did in violation thereof, it is subject to demurrer.

Error to the Circuit Court of Cook county; the Hon. Lorin C. Collins, Judge, presiding. Opinion filed March 31, 1886.

Mr. Consider H. Willett, for plaintiff in error.

Messrs. Bisbee, Ahrens & Decker, for defendants in error.

Moran, J. Plaintiff in error brought his action in the court below to recover against the defendants, the Open Board of Trade and Sackett and Marks, who are alleged to be members of said Open Board, for conspiring to unlawfully deprive plaintiff of his ticket of membership in said Open Board of Trade, and for causing him to be suspended from said Open Board unlawfully and without due notice and in violation of the rules and regulations of said Board of Trade, by reason whereof he sustained damage. In neither count of the declaration are any facts stated from which the court can see what are the duties of the Open Board of Trade toward its members, or what are the duties of members of said Board of Trade toward each other, or what are the rights and privileges which a ticket of membership in said Board entitled the holder of such ticket to enjoy.

Olds v. The Chicago Open Board of Trade.

The rules and regulations of said Open Board are not set out either in *haec verba*, or in their effect. Nor is it alleged what acts the defendants did which were in violation of any rule or regulations, in causing plaintiff to be deprived of his ticket of membership. Common law rights and duties are known to the courts but the duties of a private corporation toward its members and the rights of members thereof, as against fellow members and as against the corporation, can only be known by an inspection of the charter and by-laws of such corporations.

Courts will not take judicial notice of the existence of a private corporation, nor of the method in which it conducts business, nor of its by-laws, or the rights, duties, or privileges of members arising thereunder or governed thereby.

The declaration must allege all the facts necessary in law to support the action against all the defendants who are joined so that the judgment must follow as a logical conclusion upon the facts. The pleading is to be taken most strongly against the pleader, and no intendments in its favor are to be indulged in. The plaintiff's right must be clearly set out; that is, facts from which it can be seen that he has a right, and what his right is, must be alleged, the invasion of the right and the injury that flowed from such invasion.

To allege that a private corporation owed to its members this or that duty, or that it had done this or that act against or in violation of its rules or regulations, or that the members thereof owed duties to each other, or that certain persons by combinations caused one to be expelled from the corporation or his ticket to be taken from him without due notice, and in violation of the rules or charter, is but to state a conclusion of law, instead of pleading the facts from which such conclusion is to be the necessary inference. Such mode of pleading is not permissible. The People v. Village of Crotty, 93 Ill. 190; Kilgore v. Ferguson, 77 Ill. 213; 1 Chitty's Pleadings, 245.

The allegations that defendants combined or conspired will not sustain an action. It must be shown that they did an unlawful act from which plaintiff has suffered damage. That must be done in pursuance of the conspiracy which without the conspiracy would give a right of action.

If plaintiff's ticket of membership gave him any rights, he should state what those rights are. If those rights have their origin or protection in any by-law, he should set out the by-law. If a rule has been violated to his injury, he should set out the rule and state what has been done in pursuance of a conspiracy or otherwise that he claims is a violation of it, and by whom done and what damage has accrued to him as the natural or necessary result of the acts that have been done.

Having failed to state facts in the declaration, which show a legal cause of action, the court below properly sustained the demurrer and the judgment must be affirmed.

Judgment affirmed.