GEORGE W. SPAHR

v.

JOHN TARTT.

*Replevin—Pleading—Conclusion of Law—Defective Pleas.*

1. In pleading, facts only are to be averred—not arguments, inferences, or matters of law.

2. A plea to a declaration in replevin, setting up as a defense that the animals in question were taken *damage feasant* and distrained under the statute, is fatally defective when it merely alleges that said animals were "wrongfully" upon the defendant's premises.

3. Where there are several pleas setting up different defenses, each plea must be complete in itself.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Madison County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. BURROUGHS & WARNOCK, for appellant.

Messrs. METCALFE & METCALFE, for appellee.

GREEN, J. Defendant below interposed two pleas to plaintiff's declaration in replevin, and a general demurrer to each plea having been sustained, elected to abide by his pleas; judgment for plaintiff was rendered and defendant took this appeal.

All other pleas were withdrawn, and the only question here is, whether these pleas, four and five, were so defective in substance that a general demurrer thereto ought to have been sustained. It is attempted by these pleas to set up a defense for the taking and detention charged; that the animals mentioned in the declaration were taken *damage feasant* by defendant and distrained under the provisions of Sec. 21, Chap. 54, Starr & C. Ill. Stat. The demurrer to each plea was properly sustained. To the fourth because it failed to state facts showing how and in what manner the animals were

Spahr v. Tartt.

wrongfully upon defendant's premises, but averred merely "said animals were then and there wrongfully upon said premises damaging," etc. The section of the statute relied on provides: "If such animal or animals shall break into an inclosure surrounded by a fence of the height and sufficiency prescribed by this act, or shall be wrongfully upon the premises of another, the owner or occupier may take into possession such animal;" but wrongfully, as averred in this plea, is a mere conclusion of law and is not a traversable averment of fact which a jury can determine.

The fifth plea is bad because it refers to and depends on matters *dehors* the plea (averred in fourth plea), and by the averments contained in it no defense is presented, even if it could be permitted by the rules of pleading that facts averred in the fourth plea could be made a part of the fifth by reference thereto, in the latter, instead of averring them; then the fourth plea being demurrable, as we hold, the fifth would also be bad.

A familiar elementary rule of pleading is that facts only are to be stated and not arguments, or inferences, or matter of law. 1 Chit., Pl., 245; *Ibid.*, 7th Am. Ed. 573; Clay F. & M. Ins. Co. v. Wusterhausen, 75 Ill. 285 ; Kilgore v. Ferguson, 77 Ill. 213.

The judgment of the Circuit Court is affirmed.

*Affirmed.*