# R. E. W. Spargur v. James S. Romine et al.

Filed January 4, 1894. No. 6070.

1. **Restraining Collection of Taxes.** A court of equity will not interfere to prevent the collection of taxes on the ground that the assessment and levy thereof are irregular or invalid, unless they are clearly inequitable and the enforcement thereof would be against conscience.

2. **In the construction of pleadings** the facts alleged or admitted, when material, will control rather than the conclusions of the pleader.

3. **Res Adjudicata.** A party asserting an estoppel by means of a former judgment must allege facts which show that his relation to the former action was such as to make the judgment therein conclusive in his favor.

Error from the district court of Dawes county. Tried below before Bartow, J.

The facts are stated in the opinion.

*Allen G. Fisher*, for plaintiff in error.

*Albert W. Crites* and *D. B. Jenckes, contra:*

The petition in this case shows that there was some kind of an assessment, some sort of a levy of taxes, and some kind of a tax list, which, for some reason not stated, was, in point of law, not good as such. This is not sufficient. There must be some facts stated from which the court can see that the assessment is in fact a legal nullity. When a party seeks to enjoin the collection of a tax upon real estate, he must set forth such facts in his petition as will show the collection of the tax unjust and inequitable. (*Southard v. Dorrington*, 10 Neb., 119; *Dillon v. Merriam*, 22 Neb., 151; *Dundy v. Richardson County*, 8 Neb., 508; *South Platte Land Co. v. Buffalo County*, 7 Neb., 253; *South Platte Land Co. v. City of Crete*, 11 Neb., 344.)

There is no offer in the petition to pay the amount of taxes justly and equitably chargeable upon the land. The pleading therefore is defective. (*Wood v. Helmer*, 10 Neb., 65; *Southard v. Dorrington*, 10 Neb., 119; *Hunt v. East-erday*, 10 Neb., 165; *Boeck v. Merriam*, 10 Neb., 199; *Dillon v. Merriam*, 22 Neb., 151; *Wygant v. Dahl*, 26 Neb., 562; *Los Angeles County v. Ballerino*, 32 Pac. Rep. [Cal.], 581; *Welch v. Clatsop County*, 33 Pac. Rep. [Ore.], 934; *German Nat. Bank of Chicago v. Kimball*, 103 U. S., 732.)

Under the form of the allegations of the petition the assessment and subsequent tax proceedings were, at most, merely irregular. Under section 141, chapter 77, revenue law, the tax was not void. (*Wilson v. City of Auburn*, 27 Neb., 435.)

Post, J.

This was an equitable proceeding in the district court of Dawes county, where a demurrer to the petition was sustained and the action dismissed. The sustaining of the demurrer is the only error assigned in this court; hence our inquiry is limited to one proposition, viz., the sufficiency of the petition to entitle the plaintiff therein to equitable relief. From the allegations thereof it appears that the plaintiff is the owner of twenty-two quarter sections of land in said county, which were all taxable for the years 1888, 1889, 1890, 1891, and 1892; that there was a pretended assessment and levy of taxes thereon for the years named, which pretended taxes are void for reasons hereafter stated, but which cast a cloud upon his title, and will, unless canceled and the collections thereof perpetually enjoined, result in tax deeds being executed for his said property. The defendant Reynolds is the county treasurer and the other defendants are holders of tax certificates issued upon the sale of said land for the taxes above described. The only allegations with respect to the assessment and levy of the taxes and sale thereof are contained

51

in the third and seventh paragraphs of the petition, which are as follows:

"3. That the said defendant Reynolds, by virtue of his office as treasurer aforesaid, is in possession of certain books claimed by defendants to be duplicate tax lists for the years 1888, 1889, 1890, 1891, and 1892, and claiming the right and threatening thereunder to collect taxes against the aforesaid tracts of land, and to certify as pretended liens for taxes against the tracts of land aforesaid certain entries claimed by defendants to have been made in the said pretended tax lists, and to execute thereunder tax deeds for the above described tracts of land to his co-defendants.

"7. Plaintiff alleges that there has never been any description of said tracts of land set forth or contained in any assessment list of the said county; that the assessments upon which the tax lists of the years above mentioned are based are void, and all proceedings based thereon are void; that the pretended descriptions contained in the pretended tax certificates of purchase of the defendants and of the books in the possession of the defendant Reynolds, whereon said pretended certificates are claimed to be founded, are void and are wholly improper, irregular, indefinite, defective, and uncertain, and are not expressed in good language, nor are the characters and abbreviations employed such as are used by conveyances in describing real estate, nor do the people generally use such combinations of words, letters, and figures in referring to and describing land; that the various assessors, clerks, and collectors have wholly and entirely failed and neglected to comply with any of the provisions of the following sections of Cobbey's Consolidated Statutes of Nebraska, viz., sections 3943, 3950, 3961, 3963, 3979, 3981, 3982, 3997, 3999, 4008, 4011, and 4012; that the pretended tax books for the years above mentioned in the possession of the defendant treasurer and his predecessors in office were and are void and without warrant, and conferred no authority upon the defendant

Reynolds or his predecessors in office to collect any taxes, or to make any sale, or to issue any certificates of sale; that none of· the above described tracts of land have ever been put in the assessment roll, nor any assessment thereof been made, nor has any of the said above described land had any levy of tax made against it, nor has there been any tax list containing the description thereof, nor has there ever been any advertisement ·of notice of tax sale thereof, nor has there ever been any return of public sale, nor has there ever been any private sale of the real estate above described."

The sections of the revenue law above enumerated provide, in the order named, for the listing and valuation of real estate for taxation, the preparation of the tax lists, the collection of taxes levied, notice and sale of lands for delinquent taxes and return thereof. The grounds upon which relief is demanded may be thus summarized: The plaintiff is the owner of lands which were taxable for the several years above named; that an attempt was made to assess and tax them in each of said years; ·that some kind of a tax list was prepared each year, and that said lands have been sold for taxes claimed to have been thus levied; but by reason of some neglect or omission on the part of the various assessors, clerks, and collectors who were charged with the listing and valuation of property and the collection of taxes thereon, said taxes are void, and a deed executed in pursuance of such sale would not divest him of his title. It will be observed that there is no charge that the assessment is unreasonable or fraudulent, that the taxes claimed are for an "illegal or unauthorized purpose," that the amount thereof is more than the plaintiff is in equity bound to contribute to the public revenue for the support of the state, county, and municipal governments, and the public schools of the county, or that he has paid or tendered the amount justly due; nor does he now, as a condition to the relief sought, offer to make contribution of the amount with

Spargur v. Romine.

which he is in equity chargeable. Our revenue law, section 144, provides: "No injunction shall be granted by any court or judge in this state to restrain the collection of any tax, or any part thereof, hereafter levied, nor to restrain the sale of any property for the non-payment of any such tax, except such tax, or the part thereof enjoined, be levied or assessed for an illegal or unauthorized purpose." It is not claimed that the foregoing provision applies to cases in which there has been neither an assessment of the property nor levy of taxes; that is, where there has been no attempt on the part of the officers charged with that duty to to levy and collect the funds required for public use by taxation. In such cases it may be assumed that the jurisdiction of courts of equity to grant relief within certain limitations has not been ousted by the statute; but the ground of equitable interference is that there is in such cases no tax which the plaintiff is in equity bound to pay. In the case under consideration the infirmities relied upon are at most irregularities. For instance, the allegation that the tax lists "are wholly improper, irregular, indefinite, and uncertain, and not expressed in good language," also that the characters and abbreviations employed are "not such as are used by conveyances in describing real estate, and that people do not generally use such combination of words, letters, and figures in referring to and describing land," may be, and for the purpose of the demurrer are admitted to be, true. It does not follow, however, that the plaintiff is entitled to relief at the hands of a court of equity. And the statement that the various assessors, clerks, and collectors have failed and neglected to comply with the provisions of the several sections of the Consolidated Statutes enumerated is certainly not consistent with the other allegations of the petition, since it is evident therefrom that there was some kind of an assessment and some kind of a levy of the taxes for each of the years named, and that tax lists of some kind were prepared and delivered to

the treasurer of the county, who has sold the plaintiff's lands for the taxes thus levied. It may also be said of such statement that it is but the conclusion of the pleader, and, according to the well settled rule in the construction of pleadings, will be controlled by the allegations of fact, or admissions therein. (See 1 Boone, Code Pleading, 276.) This case does not differ essentially from the case of *South Platte Land Co. v. City of Crete*, 11 Neb., 344, where it is said: "We conclude, therefore, that the taxes in question were not, as claimed, void, and although perhaps so affected by infirmities as to render them illegal and incapable of enforcement as against the plaintiff's property, there is no visible consideration leading us to say that they are inequitable and should be enjoined." The doctrine of that case has been subsequently approved in *Dillon v. Merriam*, 22 Neb., 151, *Wygant v. Dahl*, 26 Neb., 562, and *Wilson v. Auburn*, 27 Neb., 435; and it may be asserted as a settled rule, even in the absence of a statutory provision on the subject, that courts of equity will not interfere to prevent the collection of taxes on the ground of irregularity or illegality in the proceeding, unless they are also inequitable, and to enforce payment thereof would be against conscience. In some jurisdictions that rule has been extended so far as to deny even a temporary restraining order against the collection of taxes until after payment in full of so much thereof as the court can see ought in equity to be paid, or may be shown by affidavits or otherwise to be due. For instance, in *State Railroad Tax Cases*, 92 U. S., 575, it is said by Justice Miller: "It is not sufficient to say in the bill, that they (complainants) are ready and willing to pay whatever may be found due. They must first pay what is conceded to be due, or what can be seen to be due on the face of the bill, or be shown by affidavits, whether conceded or not, before the preliminary injunction should be granted." In the case before us there is no controversy with respect to the amount of taxes equitably chargeable

against the plaintiff's lands, which are the amounts shown by the several tax lists. The defendants who have purchased the lands for delinquent taxes appear to be satisfied, and, as we have seen, the plaintiff will not be heard to complain.

It is further alleged by the plaintiff that the question of his right to the relief sought has been determined in his favor by the judgment of the district court of Dawes county and is now *res judicata*. Accompanying the petition are the records of two causes which are relied upon to support the plea of former adjudication. In one of the causes mentioned a decree was entered in which the tax lists here involved were declared to be irregular and void and the taxes appearing thereon not to be a lien upon any personal property of the plaintiff therein. That plea is, however, not available to this plaintiff, notwithstanding the decree referred to, for the sufficient reason that he was not a party to the former action, nor was he, so far as this record discloses, in privity with either party thereto. The rule is elementary, that the party asserting an estoppel by means of a former judgment must allege facts which show his relation to the former action was such as to make the judgment therein conclusive in his favor. (See *Hartley v. Gregory*, 9 Neb., 279.) It is clear that the petition fails to state a cause for equitable relief, and that there is no error in the ruling complained of, and that the judgment of the district court should be

AFFIRMED.