## John P. Foss, Appellant, v. The Peoples Gas Light & Coke Company, Appellee.

### Gen. No. 14,048.

1. LIS PENDENS—*operation of doctrine of.* One who acquires rights in corporate stock during the pendency of litigation involving the determination of the ownership of such stock, takes subject to all of the infirmities of title existing in his assignor.

2. AMENDMENTS AND JEOFAILS—*what not abuse of discretion.* It is not an abuse of discretion to refuse to allow an amendment of a bill of complaint at the time of the entry of a final decree thereon upon demurrer sustained thereto; the application to amend being two months after the hearing upon the demurrer, being the second which had been made, the first having been granted.

3. PLEADING—*what not legal averment of status as stockholder.* Held, that the following allegation in that it did not set up facts, failed legally to allege the ownership of stock: "That in or about the year 1857 he became, ever since has been and now is, a stockholder of the People's Gas Light & Coke Company, and the owner of 1,500 shares, of the par value of fifty dollars each, of the original capital stock of the said defendant corporation."

4. PLEADING—*when indefiniteness of demand raises presumption of laches.* The allegation of a demand upon the defendant that a right of the plaintiff be accorded him being made without date, may be presumed to have been made but shortly before the institution of the suit, and if having been so made would have then in fact have been made at a time when the right would have been lost by virtue of laches, the pleading is insufficient, and its insufficiency may be availed of by general demurrer.

5. STATUTE OF LIMITATIONS—*availability of, as between corporation and stockholder.* The Statute of Limitations as well as the doctrine of laches may be availed of by a corporation against a stockholder.

6. LACHES—*what constitutes as against stockholder.* Fifty years of unexplained delay in asserting rights of accounting and participation in stock increases constitutes laches and bars the action.

Bill for accounting. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed December 7, 1908.

**Statement by the Court.** John P. Foss, the appellant, filed in the Circuit Court a bill, not under oath,

praying for an accounting from and a receiver for the appellee, The Peoples Gas Light & Coke Company.

The right to the relief sought was predicated upon the alleged fact that in or about the year 1857 Foss became and ever since said date has been the owner of 1,500 shares of the original capital stock, constituting one-fifteenth part of such original corporate stock, of the Gas Company, said stock being of the par value of $50 a share; that from such ownership he became entitled to fifteen per cent. of the increased capital stock of the Gas Company from time to time as such capital was increased; that the Gas Company absorbed other gas companies at various times, and on such occasions increased its capital stock. Foss alleges that the Gas Company has kept him in ignorance of its dealings, has failed to pay him dividends upon his stock, or to allot him *pro rata* additional shares of stock at any of the times when it increased its capital stock. The bill further charges that the Gas Company has acquired stocks, bonds, and other securities of other companies by consolidation and that the same is of great value, and that they have in whole or in part been distributed among various so-called "favored" stockholders, but that Foss has been excluded from the benefits of such distribution. The bill then proceeds to charge, as disclosed by the abstract, that "although complainant has demanded the proportion of the capital stock of said company distributable to him by reason of his original holdings, and the increase in said capital, and has demanded an account from defendant of and concerning its business and affairs since complainant became a stockholder therein, and of the amount of the profits distributable to its stockholders as aforesaid, and of the amount and disposition of the profits distributable to complainant upon account of his said holdings, but heretofore and now withheld from complainant by defendant, and although complainant has demanded from defendant, through its officers and agents, the privilege of in-

specting the books, records and papers of defendant to which complainant is entitled as a stockholder as aforesaid, defendant and its officers have hitherto failed, neglected and refused and still refuse to account to complainant as aforesaid, or to permit complainant to examine the books, papers and records of defendant or to deliver to complainant the proportion of the capital securities and profits of defendant to which complainant is entitled, as aforesaid; and the officers and agents of defendant are fraudulently diverting the revenue, gains and profits of said corporation from the proper channel and from its stockholders, and applying said revenue, gains and profits to the benefit of certain of the stockholders, thereby defrauding complainant and other of said stockholders of his and their rights in the premises'', etc.

To this bill the Gas Company interposed a general demurrer, which, after a hearing and argument by counsel for the several parties, being sustained, Foss asked and obtained leave to file an amended bill.

On July 3, 1905, Foss filed his amended bill, which, while setting forth with more particularity many of the averments of ultimate facts appearing in the original bill, in no substantial particular affects the rights of the parties as they were made to appear by the averments of the original bill.

It appears from the amended bill that the Gas Company came into existence under a special charter granted by the legislature of this State approved February 12, 1855, and that the same was amended February 7, 1865; that the charter conferred the power to make and vend gas for illuminating and other purposes in the city of Chicago, and to do all things and to acquire and own all property necessary to that end; recites various public acts affecting the Gas Company and its business, including the right to acquire by purchase, merger or otherwise, other gas plants; that as it lawfully might, it acquired in various ways the property and business of the Chicago Gas Light & Coke

Company, Consumers Gas Company, Equitable Gas Light & Fuel Company, Suburban Gas Company, Lake Gas Company, Hyde Park Gas Company, The Mutual Fuel Gas Company and the Calumet Gas Company; that the original capital stock was in the sum of $500,-000, and that it has since been increased until it now amounts to $32,969,100 of stock outstanding.

On March 14, 1906, one Samuel Doll filed his petition for permission to intervene and be made a party defendant to said amended bill, for the reason that on March 8, 1906, Foss assigned unto him a quarter in-. terest in his stock holdings of the Gas Company and to the accumulations of dividends and other interests thereon claimed by Foss. On March 22, 1906, Doll filed his answer, admitting the material averments of the amended bill and also at the same time filed a cross-bill, seeking substantially the same relief prayed by Foss. On June 27, 1906, Doll filed an amended cross-bill. On August 12, 1905, the Gas Company filed a general demurrer to the amended bill of Foss, and on July 7, 1906, filed a general demurrer to the amended cross-bill of Doll. A hearing upon these demurrers resulted in their being sustained May 2, 1907, and on July 11, 1907, a decree was entered dismissing the amended bill of Foss and the amended cross-bill of Doll for want of equity. Both Foss and Doll prayed and were allowed separate appeals to this court from the decree last mentioned, but Foss alone perfected his appeal.

KNIGHT & HOYNE, FRANCIS W. WALKER, ROBERT F. PETTIBONE and FRED H. RAYMOND, for appellant.

An averment of an ultimate fact is sufficient to sustain a cause of action without the recitation of any fact to support such averment.

Gillett v. Robbins, 12 Wis. 329; Gage v. Kaufman, 133 U. S. 471; Ely v. New Mexico &c Railroad Co., 129 U. S. 291; Bixler v. Summerfield, 195 Ill. 148; Dunbar

v. Amer. Tel. Co., 224 Ill. 9; 3 Dan. Ch. Pr. (Perkins Ed.), 1947, 1958, 1963, 1972, 1979, 1988, 1990, 1997, 2019; 1 Dan. Ch. Pr. (Perkins Ed.) 367; Kantzler v. Bensinger, 214 Ill. 589; 21 En. Pl. & Pr. 719, note 1; 16 Cyc. 228, 229.

To make *laches* available as a defense on demurrer, the *laches* must appear on the face of the bill.

Kerfoot v. Billings, 160 Ill. 563; 16 Cyc. 268; People *ex rel.* v. Sterling Mfg. Co., 82 Ill. 457; Coquard v. National Linseed Oil Co., 171 Ill. 480; Higgins v. Lansingh, 154 Ill. 301; Beach v. Miller, 130 Ill. 162; Roseboom v. Whittaker, 132 Ill. 81; Atwater v. American Ex. Bank, 152 Ill. 605.

Where a dividend has been declared, a shareholder is entitled to an accounting in equity.

Cook County Brick Co. v. Kaehler, 83 Ill. App. 448.

SEARS, MEAGHER & WHITNEY, for appellee; JAMES F. MEAGHER and JESSE J. RICKS, of counsel.

An averment of ownership of stock which is not supported by a recitation of any fact tending to sustain the averment, is a conclusion of law and insufficient to support a cause of action.

Sterling Gas Co. v. Higby, 134 Ill. 557; Shickle v. Watts, 7 S. W. (Mo.) 274; Cook on Corporations, Par. 10; Kuhn v. The Academy of Music, 15 Weekly Notes Cases, 251; Travelers Insurance Co. v. Healey, 33 N. Y. Suppl. 911; McCloskey v. Barr, 38 Fed. 165; Savage v. Walshe, 26 Ala. 619; Thomas v. Desmond, 12 Howard Pract. 321; Plant v. Schuyler, 30 N. Y., Sup. Ct. R. 271; Thompson v. Cook, 21 Ia. 472; Poorman v. Mills, 35 Cal. 118; Miller v. Stalker, 158 Ill. 514; Becher v. Wells Flouring Mill Co. et al., 1 Fed. 276; Williamson v. Wager, 86 N. Y. Sup. 684; Allen v. Reilly, 15 Nev. 452; White v. Brown, 14 Howard Pract. 282; Encyc. Pleading & Pract., Vol. 12, p. 1020; Kilgore v. Ferguson, 77 Ill. 213; Garner v. McCullough, 48 Mo. 318.

The relief sought by appellant should be denied on the ground of *laches* imputable from the fact of forty-eight years delay in asserting his claim, without reasonable excuse.

Kerfoot v. Billings, 160 Ill. 563; *In re* Severn & Wye and Severn Bridge Ry. Co., 1 Law Reports 1896, Chan. Div. 559; Smith v. Cork & Banden Ry. Co., Irish Repts., 5th Eq. Ser. 65; Winchester & Lexington T. Co. v. Wickliffe's Admr., (Ken.) 38 S. W. 866; Reynolds v. Summer, 126 Ill. 58; McDonald v. Stow, 109 Ill. 40; 19 Am. & Eng. Ency. of Law, 196; Codman v. Rogers, 27 Mass. 111; Shelburne v. Robinson, 8 Ill. 597; Thrall v. Mead's Estate, 40 Vt. 540; Palmer v. Palmer, 36 Mich. 487; Keithler v. Foster, 22 Ohio St. 27; Morrison v. Mullin, 34 Pa. St. 12; Jameson v. Jameson, 72 Mo. 640; A. T. & S. F. Ry. Co. v. Burlingame Township, 36 Kas. 628.

A stockholder's remedy to recover a dividend is at law and not in equity.

King v. Paterson, 29 N. J. Law, 504; Morawetz on Corporations, Par. 450; Coles v. Bank of England, 10 Ad. & El. 437; Bank of England v. Davis, 5 Barn & C., at p. 185; Hall v. The Rosehill & Evanston R. R. Co., 70 Ill. 673; Scott v. Central R. R. & Banking Co. of Georgia, 52 Barb., Sup. Ct. (N. Y.) 45; Stoddard v. Shetucket, 34 Conn. 542; Ellis v. Proprietors, 19 Mass, 243; Jackson's Admrs. v. Newark Plank Road Co., 31 N. J. Law, 277; Wheeler v. N. W. Sleigh Co., 39 Fed. 347; West Chester & P. R. R. Co. v. Jackson, 77 Pa. St. 321; Chaffee v. Rutland R. R. Co., 55 Vt. 110; Ford v. Easthampton Rubber Thread Co., 32 N. E. (Mass.) 1036; King v. Paterson and Hudson R. R. R. Co., 29 N. J. Law, 82; Gleason and Bailey Co. v. Hoffman, 168 Ill. 25; Badger v. McNamara, 123 Mass. 117; Beggs v. The Edison Elec. Light and Illuminating Co., (Ala.) 11 So. 381.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The claimed rights of Doll not being involved in this

record, with them we therefore have no concern.

Our opinion and discussion on the errors assigned will be restricted to three points: (1) The refusal of the chancellor to allow the motion by Foss to amend his amended bill; (2) the insufficiency of the allegation of ownership of stock, and (3) the doctrine of *laches* as applied to the averments of the bill.

First. The decision of the court upon the demurrers was rendered May 2, 1907. Foss did not at this time move the court for leave to file an additional amendment. He allowed the matter to rest undisturbed until the entry of the final decree, more than two months thereafter. The contention of counsel that the Foss demurrer was heard without their being afforded an opportunity to present their client's cause, and that the hearing upon the demurrers was confined to the demurrer interposed to the amended cross-bill of Doll, is untenable and without force in the light of the record. Doll confessedly took whatever right he had after Foss filed his bill. The doctrine of *lis pendens* circumscribed Doll in his ability to prevail. Foss must first demonstrate that he had a cause of action before Doll could have any standing in virtue of his cross cause. Whatever rights Doll might have rested for their support upon the ability of Foss to maintain his cause. Doll had no rights independent of those of Foss. In the first instance, and as a preliminary to the right of either of them to prevail, the necessity arose for Foss to maintain that he was a stockholder as averred in his pleadings. Failing this, all of Doll's claims against the Gas Company disappear. The counsel of Foss were afforded ample opportunity to argue their cause; if they failed to avail of such opportunity when it offered, it is too late now to complain or seek any advantage or procure any indulgence because of such dereliction on their part. We are not able to believe that counsel for Foss were in any manner misled by the chancellor. Nothing appears in this record from which it can even be surmised that in the presen-

tation of Doll's cause counsel for Foss were not fully aware that both demurrers were on hearing. In fact, the cause and cross cause are so interdependent one upon the other, that an argument as to the sufficiency of the cross cause, as stated in Doll's amended cross-bill, naturally involved a consideration of the Foss pleadings. Then, again, the record is contrary to the contention now made, which contention cannot prevail as against that record, which alike binds the parties and the court. The matter of allowing Foss to further amend his amended bill was addressed to the sound discretion of the chancellor. We are unable to say that a refusal to allow a further amendment on the motion made at the time of entering the final decree—a period of time exceeding two months from the rendering of the chancellor's decision upon the demurrer—was an abuse of such discretion, especially in view of the fact that the chancellor rendered his opinion in writing, which was made a part of the record and from which it clearly appears that the chancellor heard both demurrers and in that opinion expressly sustained both of them.

Second. The averment in the amended bill of Foss as to ownership of stock, is in these words: "that in or about the year 1857 he became, ever since has been and now is, a stockholder of the Peoples Gas Light & Coke Company, and the owner of 1500 shares, of the par value of fifty dollars * * * each, of the original capital stock of the said defendant corporation". This is obviously the conclusion of the pleader, without the statement of any fact from which the court can say, as a matter of law, that Foss at one time or at any time since 1857, was or is a shareholder of the Gas Company. Did Foss receive any certificate of stock of the Gas Company? And if so, was it acquired from the Gas Company or by assignment of a certificate or certificates owned by a third party? Has Foss ever been a shareholder, whose rights as such have received recognition by the Gas Company? Has he ever voted

at any stockholders' meeting the stock which he says he owns? There is no averment of any evidential fact supporting his claim, from which the court may be able to say, as a matter of law, that he is such owner. The cases are numerous, many of which are cited in the brief of counsel for the Gas Company, that an averment of an ultimate fact, without instance to support it, is but the conclusion of the pleader and insufficient to constitute a cause of action. The principle is well stated in Vol. 12, Ency. Plea. & Prac., 1020, thus: "To constitute good pleading the facts alone must be alleged. It is a general rule, which applies to all pleadings, whether at common law, in equity, or under the codes, that legal conclusions should not be pleaded, and that a bill, answer, complaint, declaration or other pleading is bad if it contains nothing more than bare averment of a legal conclusion". The averment of ownership of stock by Foss in his amended bill is a conclusion of law entirely unsupported by the recitation of any fact tending to support such conclusion. It is therefore insufficient to support a cause of action. Such defect in the pleading made it obnoxious to the general demurrer interposed to it. This was so decided in Kilgore v. Ferguson, 77 Ill. 213, where it is said: "A familiar elementary rule of pleading is that the facts only are to be stated, and no arguments or inferences, or matter of law. Chitty Pl., 245. * * * It is not enough to say the bond was good and sufficient. The existence of the facts should have been distinctly averred that make it good and sufficient. The question of whether it was good and sufficient is for the court and not for the plaintiff to determine. Unless by facts averred and proved it shall clearly be made to appear that the defendants have wilfully and corruptly injured the plaintiff * * * there can in no event be a recovery. The demurrer was properly sustained".

If Foss is entitled to any relief at all, it must arise from his being a *bona fide* stockholder in the Gas Com-

pany. The averment in the bill in this regard is a mere conclusion, barren of any stated fact upon which it can rest for support; consequently the amended bill fails to state a cause of action.

Third. There are two averments in the amended bill of a demand made by Foss upon the Gas Company. One is a demand for an accounting, and the other concerns a demand for the examination of the books, records, etc., of the Gas Company. These averments are, first, "that before the commencement of this suit he demanded of the said defendant that it account with your orator", etc.; second, "and also before the commencement of this suit demanded of the defendant opportunity to examine the books", etc. These averments as to time are remarkably indefinite, not to say wholly unsatisfactory. Here was a lapse of forty-eight years between the time the claimed rights of Foss became vested, according to his contention, and his appeal to the law to enforce them. Did Foss rest as long before he demanded his rights of the Gas Company as he did in his appeal to the courts in an attempt to enforce them? In other words, when did he, during the running of these forty-eight years, make these demands upon the Gas Company? Of this the pleading of Foss affords no enlightening information. If any inference is permissible, about which we express no opinion, a date approximating that on which the bill was filed would do no violence to interpretation of these vague and uncertain averments. A failure to assert rights in varying periods of from three to forty years has in numerous cases in this state, under the doctrine of laches been held to be a complete defense to a suit in equity for relief. We, however, do not find any recorded case where a party applied to our courts for relief after sleeping upon his rights for so inexcusable a length of time as in the case at bar. We think the quotation from note to par. 965, Pomeroy's Equity Jurisprudence, third ed., p. 1788, appearing in appellee's brief, is forcefully ap-

plicable to the conditions of this case: "The doctrine concerning acquiescence from conduct and from lapse of time, is applied with special strictness in mercantile contracts, such as dealings with stock, subscriptions for shares and in agreements of a speculative nature". The mutations of time bring about many changes in physical conditions. It is plain from the statements in Foss' amended bill that during nearly a half a century of somnolence upon his part, the Gas Company has experienced many changes. Its capital stock has been increased from half a million of dollars to thirty-five millions of dollars. The franchises and rights of eight other gas companies have been taken over, either by way of merger or by acquisition of the right to operate their several plants. No obstacle to the asserting of any of Foss' claimed rights appears from any averment of his amended bill. No excuse for not sooner asserting his rights and enforcing his claim is disclosed. But Foss proceeds upon the theory that the Gas Company, as to dividends, is a trustee of the stockholder, and that the doctrine of laches is inapplicable because limitation statutes have no application between trustee and *cestui que trust,* and in support quote from 10 C. Y. C., 506, that "dividends declared upon the capital stock of a corporation and payable on demand are not subject to the running of prescription or limitation until there has been a demand and refusal". Whatever may be the rule in other jurisdictions, such is not the doctrine in this state. The relationship of the stockholder and the corporation as to dividends declared is not that of trustee and *cestui que trust.* At the most there is but an implied trust in the corporation as to such dividends. As to implied trusts, the doctrine of laches and the Statutes of Limitations are, in this forum, invokable as a defense. Such in effect is Reynolds v. Summers, 126 Ill. 55, where the court say: "In respect of resulting or implied trusts, laches or the Statute of Limitations may constitute a bar to the action.

Such trusts may be barred by the mere lapse of time."
McDonald v. Stow, 109 *ibid.* 40.

The application of the doctrine of laches or the bar
of the Statute of Limitations as a defense by a cor-
poration to dividends declared upon its stock, involves
the further question of demand. But the law will no
more sanction inexcusable delay in making a demand
for such dividends than it will tolerate laches in assert-
ing a claim in a forum of competent jurisdiction. Such
dividends being payable upon demand, the Statute of
Limitations will not commence to run until after a
demand is made. But there is of necessity a limita-
tion to the right to make such demand, for, as said in
Codman v. Rogers, 27 Mass. 111: "A party must not
be permitted to sleep over his rights to the prejudice
of the party on whom he makes a claim. * * * A de-
mand must be made within a reasonable time; other-
wise the claim is considered stale, and no relief will be
granted in a court of equity".

As to what may be considered a reasonable time, the
court in case *supra* say: "What is to be considered a
reasonable time for this purpose does not appear to
be settled by any precise rule. It would depend on
circumstances. If no cause for delay can be shown,
it would seem reasonable to require the demand to
be made within the time limited by the statute for
bringing the action. There is the same reason for
hastening the demand that there is for hastening the
commencement of the action, and in both cases the
same presumptions arise from delay. In the present
case the plaintiff, by his own showing, is chargeable
with great laches. He has lain by for seventeen years
without making any claim. * * * No sufficient rea-
son is suggested in the bill for this long delay; and to
decree an account under such circumstances would be
a most dangerous precedent, against public policy and
the principles and rules of equity".

The force of this reasoning is thrice accentuated in
its application to the half century of inactivity of Foss

in making demand or the asserting by him of any right against the Gas Company during that time. In the absence of any pretense of an excuse for such protracted delay in the assertion of rights which have, during this time, grown from a claimed stock interest of $75,000, to the claim of stock interest now aggregating the enormous sum of $5,250,000, it would certainly be unprecedented to hold that this action can be maintained. It would seem that if a case can be conceived, of the nature of the one at bar, where the doctrine of laches and the bar of the Statute of Limitations are invokable under the facts appearing upon the face of the bill, that this case is its most extreme example. During this nearly half century of time, many persons, we may assume, actively engaged in the business of the Gas Company and intimately acquainted with its affairs, have passed on to another life—persons who, in all probability, could have satisfactorily explained the whole transactions here involved. The unprecedentedly long delay in the assertion of the rights now claimed can only reasonably be accounted for upon the theory that Foss was waiting for the death of all persons who could shed any explanatory light upon his claim, leaving himself as the last survivor—a witness whose testimony could not be contradicted or refuted. Statutes of Limitation are statutes of repose. It is the policy of the law that there should be some fixed time within which rights may be asserted and enforced, and after which time they should be forever barred. Winchester v. Wickliffe's Admr., 38 S. W. R. 866.

We think it beyond dispute that laches is plainly apparent upon the face of the bill, and that there is no statement of any facts or circumstance either explaining or excusing such laches; and as in Kerfoot v. Billings, 160 Ill. 563, such laches may be urged as a defense in bar of the action under a general demurrer.

The Supreme Court in Wilcoxon v. Wilcoxon, 230 Ill. 93, announces a doctrine which by analogy is pertinent to the pleading here under discussion. The

court say: "It is one of the fixed doctrines of courts of equity that nothing can call forth this court into activity but conscience, good faith and reasonable diligence, and the absence of any of these elements is equally fatal to a recovery, whether they appear in a cross-bill or in an original bill."

In the Wilcoxon case *supra* the relief sought was denied on the express ground of laches imputable from the fact of fifteen years' delay in asserting the claim, without reasonable excuse.

The doctrine that a corporation is a trustee for a stockholder as to dividends declared, does not prevail either in England or in Illinois. *In re* Severn & Wye & Severn Bridge Railway Co., 1 Law Reports, C. D. 559, (1896); Smith v. Cork & Brandon Ry. Co., 5 Eq. Series Irish Reports, 65.

In Illinois the trust, if any, is one implied from the relationship of the parties and under decisions already cited both the doctrine of laches and the bar of the Statute of Limitations are invokable as a complete defense, and such defense may be raised by general demurrer wherever such laches or the bar of the statute appears upon the face of the pleading to which such general demurrer is interposed.

The decree of the Circuit Court, being without error, is affirmed.

*Affirmed.*