OMAHA ELECTRIC LIGHT & POWER COMPANY, APPELLANT, v. ROBERT BUTKE ET AL., APPELLEES.

FILED APRIL 14, 1917. No. 19456.

Pleading: PETITION: CONSTRUCTION. A petition should be construed with reference to the general theory upon which it proceeds, and where it thus states a cause of action for negligence, it is not error to refuse to construe it as also stating a cause of action for a trespass based on an allegation amounting to a legal conclusion.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. Affirmed.

Crofoot, Scott and Fraser, for appellant.

Brogan & Raymond and Fitzgerald & Lynch, contra.

ROSE, J.

This is an action to recover damages in the sum of $467.29. The claim, according to the petition, arose in the following manner: Plaintiff had an underground conduit running lengthwise in a public alley in Omaha. In making an excavation for a building to be erected on a lot abutting on the alley, defendants removed the support from

the conduit, thus causing the injury of which complaint is made. From a verdict for defendants, plaintiff has appealed.

The controlling question for review is assigned error in the trial court's refusal to give the following instruction requested by plaintiff:

"You are instructed that a landowner does not have any right to go upon a public street or alley and make excavations for the purpose of erecting a building upon his own property, and one so doing or other persons doing so by reason of contract with the landowner are responsible in damages, if by reason of excavating in a public street or alley damage is caused to property which is lawfully located and placed in said alley upon the surface or beneath the surface of the land."

Defendants argue that this instruction was properly refused, because it would have permitted a recovery for a trespass in the alley under a petition narrowed to a charge of negligence in making the excavation. Plaintiff contends that the petition states a cause of action for both negligence and trespass. The decision hinges on the following allegations of the petition:

"That during the month of May, 1914, the defendants herein were engaged in the erection of a building for the Skinner Manufacturing Company on property extending from Jackson street south to the alley, and extending from the east side of Fourteenth street toward Thirteenth street for some distance, which the plaintiff is not able to state exactly, and that in the construction of said building the defendants herein caused an excavation to be made and dirt to be removed therefrom on the property owned by the Skinner Manufacturing Company, and also caused an excavation to be made and dirt to be removed in the alley south of the line of the property owned by said Skinner Manufacturing Company and in close proximity to the conduit maintained by the plaintiff herein, as heretofore described.

"That the defendants wrongfully and negligently caused the paving and the dirt under said paving to be excavated in the alley beyond the conduit of the plaintiff herein without taking proper precautions to prevent said dirt and paving materials from caving in and causing damage to said conduit, and the removal of said paving and the excavating of the dirt therein did cause a large portion of said dirt and paving material to cave in and to damage and destroy the conduit of the plaintiff herein and to damage the cable carried therein for a distance of forty-four feet. * * *

"That the plaintiff herein was obliged to expend said sum of $467.29 wholly through the negligence of the defendants herein."

The allegation that defendants "wrongfully and negligently caused the paving and dirt under said paving to be excavated in the alley" is pointed out by plaintiff as a charge of trespass, when considered with other averments. In this connection it is argued that "wrongfully," not being synonymous with "negligently," characterizes the commission of the acts as without legal right or excuse. To sustain this position reference is made to *Howard's Adm'r v. Hunter,* 126 Ky. 685. There the court was construing a statute creating a right of action for death by "negligent" and "wrongful" acts. In a pleading, however, the ultimate facts showing that an act is wrongful should be stated, the word "wrongfully," in absence of such a statement, being a conclusion. *Scofield v. Whitelegge,* 49 N. Y. 259; *Wallace v. Columbia & G. R. Co.,* 34 S. Car. 62; *Spahr v. Tartt,* 23 Ill. App. 420; *Schiffman v. Schmidt,* 154 Mo. 204. The language copied from the petition imports the theory of negligence. The mere use of the word "wrongfully," in absence of alleged facts constituting trespass, does not imply a cause of action based on that theory. If plaintiff intended to require defendants to answer for excavating in the alley in violation of law, the facts constituting trespass, as distinguished from negligence, should

101 Neb.—11

have been pleaded in the petition. The trial court adopted this view, and thus followed the law. The rule is:

"A pleading should be construed with reference to the general theory upon which it proceeds; and a pleading should not be uncertain as to which of two or more theories is relied upon." Phillips, Code Pleading, sec. 354; *Spargur v. Romine*, 38 Neb. 736.

While some testimony tending to prove a trepass was adduced by plaintiff, it was applicable also to negligence —an issue properly raised by the pleadings and submitted to the jury under correct instructions. There was no error in refusing the instruction requested by plaintiff.

AFFIRMED.