WESTERN PUBLIC SERVICE COMPANY, APPELLEE, v. WHEELER COUNTY: SCHOOL DISTRICT NO. 33, APPELLANT.

FILED FEBRUARY 13, 1934. No. 28660.

F. J. H. *Lawson* and A. L. *Bishop,* for appellant.

*Clarence A. Davis* and *Wilber S. Aten, contra.*

Heard before GOOD and EBERLY, JJ., and MESSMORE, RAPER and YEAGER, District Judges.

YEAGER, District Judge.

This is an action at law instituted by Western Public Service Company of Maryland, plaintiff, appellee herein, against School District No. 33 of Wheeler county, Nebraska, defendant, appellant herein. The record discloses that the plaintiff filed a petition wherein it alleged that in 1926 and up to some time in February, 1927, one Enoch Hallner was the owner of a certain five-acre tract of land within the boundaries of School District No. 33 in Wheeler county, Nebraska; that while the tract of land was owned by Enoch Hallner and in the year 1926 it was assessed for taxation at a valuation of $100; that in February, 1927, the said land was conveyed to the Nebraska Electric Power Company; that during the year 1927 the precinct assessor, or some other person, increased the value of said land, without any notice to the Nebraska Electric Power Company, arbitrarily, without authority of law and contrary to the statutes, from $100 to $18,000; that in June, 1929, the Nebraska Electric Power Company conveyed the said premises to the appellee and also conveyed to the appellee all of its personal and chattel property, choses in action, rights, titles, interests and all other property, both real and personal, and all rights attached and appertaining thereto, by a bill of sale; that such increased assessment is of record on the rolls of Wheeler

county, Nebraska, for the years 1927, 1928, and 1929, and that taxes for said years were levied thereon; that the appellee on October 7, 1929, paid the taxes based upon the $18,000 valuation for the years 1927 and 1928, and on the same date filed a written demand for a return of said taxes with the county treasurer of Wheeler county, and on November 6, 1929, a supplemental written demand was filed with the said treasurer and the treasurer of School District Number 33; that on August 9, 1930, the appellee paid the taxes based on the valuation of $18,000 for the year 1929 and on said date filed a written demand with the county treasurer and school district treasurer for a return of the same. The prayer was for the return of $1,404.46 taxes claimed to have been unlawfully and illegally collected for the years 1927, 1928, and 1929. The defendant School District No. 33, appellant herein, demurred generally, and on the further ground that there was a defect of parties in that the state of Nebraska was not made a party defendant. The demurrer was overruled and the appellant filed an answer in which the appellant reserved to itself all of the rights presented by its general and special demurrer.

In the answer, after generally denying the material allegations of the petition, the appellant alleges that the assessments complained of were adjudged to be legal in a certain action in the district court for Wheeler county, Nebraska, wherein Nebraska Electric Power Company was plaintiff and the county of Wheeler and T. E. Wyman, county treasurer, were defendants, and that the question of said assessments is *res judicata*, and that appellee is estopped from seeking a refund of the taxes for said years by reason of said adjudication and by the laches and waivers of its grantor, Nebraska Electric Power Company; that the appellee bought the said property clouded by the taxes for the years in question and is bound thereby; that the bill of sale set forth did not transfer or convey to the appellee the right to claim a return of taxes voluntarily paid by it after the said bill

of sale was executed. It further says that great improvements were added to the said real estate between April 1, 1929, and July 1, 1929, and that such improvements were subject to taxation; and that the appellee had notice of the said assessed valuation at the time of purchase and had actual or constructive notice of the findings of the suit by the Nebraska Electric Power Company to enjoin the collection of the said taxes. It further alleges that appellee has a remedy against its grantor, Nebraska Electric Power Company, under the covenant in the deed of conveyance to the appellee.

On the issues presented by the pleadings, a trial was had to the court without a jury, and judgment was rendered in favor of the plaintiff and against the defendants. The defendant, School District No. 33, alone has appealed. Two series of errors are assigned in appellant's brief as grounds for reversal of the judgment of the district court.

Appellant contends in the first of its second series of assigned errors that the demurrer to the petition should have been sustained. It is insisted, first, that the cause of action did not accrue prior to the time it is alleged to have been assigned to the appellee herein, and could not thereafter ripen into a maintainable cause of action; and, second, that no action was pleaded agreeable to subdivision 2, of sec. 77-1923, Comp. St. 1929, commonly referred to as the "Refund Law."

We cannot find ourselves in agreement with either of the propositions urged. In the case of *Haarmann Vinegar & Pickle Co. v. Douglas County*, 122 Neb. 643, Cynthia M. Daniel, the real plaintiff, was permitted to recover taxes paid, based upon assessments made when the title to the real estate in question was held by her predecessors. In that case it was substantially held that an appropriate action for the recovery of illegal or void taxes may be maintained by the owner, whether the same were assessed during his ownership or prior thereto, and thus cause to be removed the cloud from the title.

As to the second proposition, the section of the statute

referred to is in part as follows: "If such person claim the tax or any part thereof to be invalid for the reason that it was levied or assessed for an illegal or unauthorized purpose, or for any other reason except as hereinbefore set forth," etc. The remaining portion is not important for present purposes. The appellee contends that the assessment was invalid for the reason that it was made without any authority of law. An examination of the foregoing quotation, together with an examination of the entire section, indicates that the conclusion of the pleader was entirely agreeable to the relief contemplated by the statutory provisions referred to.

The only remaining question in this connection is as to whether or not the precinct assessor had power to increase the assessment of real estate in 1927, as it is alleged he did. A determination of this question, if favorable to the appellee, is determinative of all other questions raised in this action, as well as the demurrer, except the question of former adjudication.

We take judicial notice of the fact that the year 1926, being the year in which the real estate in question was valued at $100, was the regular year for the assessment of real estate, and under the statutes such valuation continued for a period of four years, unless changed on review by action of the county board of equalization on notice to the owner of the real estate. Comp. St. 1929, secs. 77-1601, 77-1702. The only power of the assessor in 1927, the year in which the new valuation was placed on the real estate involved here, was to make return of real property that shall have become subject to taxation, and of all improvements placed on real property exceeding in value $100. Comp. St. 1929, sec. 77-1605. No claim is made either that the real estate in question was not assessed in 1926 or that improvements were placed thereon before April 1, 1927. It is not suggested that any improvements were placed on the real estate until after April 1, 1929, which, of course, is immaterial, since real estate is assessable as of April 1 of any given year.

It therefore follows that the increased assessment was made by the precinct assessor without authority of law, and the judgment of the district court was right, unless the appellee is prevented from recovering because of a former adjudication upon all or a part of the subject-matter of this action.

The Nebraska Electric Power Company instituted an action in equity to enjoin the collection of a part of the taxes in question. A demurrer to the petition in that case was sustained and no appeal was taken. It is contended that this amounts to an adjudication upon the issues involved in this case. The record in this case does not disclose what was intended to be the purport of the ruling on the demurrer in that case. In so far as the record shows, it may have been intended as a decision on the merits, or only that the petition did not state a cause of action. The burden was on the appellant, having pleaded a former adjudication, to prove that the subject-matter of this action was adjudicated in another action. It has failed in this regard to sustain the required burden.

Appellant contends that the taxes paid by the appellee were paid voluntarily and therefore cannot be recovered back. It is sufficient to say that, where by statute taxes must be paid as a condition precedent to a right of action and consequent remedy, such payment may not be considered as voluntary.

For the reasons herein stated, the judgment of the district court is

AFFIRMED.