LYDIA SCHUSTER, APPELLANT, v. WILLIAM H. DOUGLAS ET AL., APPELLEES.

56 N. W. 2d 618

Filed January 16, 1953. No. 33280.

L. R. Doyle, for appellant.

Lloyd E. Chapman, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

On June 13, 1949, the plaintiff, Lydia Schuster, filed the petition herein in the district court for Saline County, Nebraska. William H. Douglas and Elizabeth D. Douglas were named defendants. The purpose of the action was to have title to Lot 10, Block 1, First Addition to Crete, Nebraska, quieted in the plaintiff and to have a building removed from the described lot.

On June 18, 1949, the defendants filed a motion for an order requiring the plaintiff to make her petition more definite and certain in particulars not necessary to be set out herein. This motion was sustained on May 5, 1950, and plaintiff was allowed 30 days within which to comply with the order.

On June 2, 1950, plaintiff filed an amended petition but in it there was a failure of compliance with the order requiring plaintiff to make her original petition more definite and certain.

On November 15, 1951, the district court apparently on its own motion entered an order allowing the parties 10 days within which to show cause why the case should not be stricken from the docket. What the effect of the proposed order striking the case from the docket would have been had it been entered does not appear. However no such order was entered.

Thereafter on December 22, 1951, the defendants filed a motion to dismiss the action with prejudice. The motion contained two claimed grounds for dismissal.

The first of these was that the plaintiff had failed to comply with the order to make the petition more definite and certain.

The second was that the issues tendered by plaintiff had been previously adjudicated, which adjudication was binding upon the plaintiff, in an action wherein Elizabeth D. Schuster, now Elizabeth D. Douglas and one of the defendants herein, was plaintiff, and George Schuster, a brother of plaintiff, was defendant.

The second ground of the motion was in substance a plea in bar though denominated a motion to dismiss since it was a plea which if sustained would have the effect of defeating and barring absolutely and entirely the action of the plaintiff. Black's Law Dictionary (3d ed.), p. 1366; 1 C. J. S., Abatement and Revival, § 5, p. 32.

The first is in the nature of a plea in abatement since it does not go to the right to maintain an action at any time but only to the right at the present time under

existing conditions to maintain the action. 1 C. J. S., Abatement and Revival, § 5, p. 32.

Whether or not the two may properly be joined, or whether or not, as at common law, the filing of a plea in bar waives a plea in abatement, we are not called upon to consider since that question, though properly pertinent, has not been raised.

On July 15, 1952, the plaintiff filed an answer to the defendants' motion to dismiss. This answer, as to the first ground of the motion, contains an allegation that plaintiff requested permission to amend the petition by attachment. The content of the proposed amendment nowhere appears. There is nothing in the transcript to disclose whether or not the requested amendment would have conformed to the requirement of the order to make more definite and certain.

The answer contained a denial of that portion of the motion which tendered the question of res judicata or former adjudication.

With the record in this condition a trial was had to the court at the conclusion of which an order was entered dismissing the action. The order fails to state whether it was dismissed with or without prejudice. A motion for new trial was duly filed by plaintiff which was overruled. From the orders of dismissal and overruling the motion for new trial the plaintiff has appealed.

One of the grounds of error is that the court refused to allow an amendment to the petition. This contention is untenable. As already pointed out insofar as the record is concerned no amendment was ever tendered. There was a request for leave to amend but nothing was offered from which it could be ascertained that if amendment were allowed it would conform with the requirements of the order to make more definite and certain.

As to the right of the district court to require that a petition shall be made more definite and certain there can be no question. In Northport Irrigation Dist. v. Farmers Irrigation Dist., 125 Neb. 607, 251 N. W. 174,

it was said: "An order of the district court requiring a petition to be made more definite and certain will be sustained, unless it clearly appears that the court abused its discretion to plaintiff's prejudice." See, also, Bushnell v. Thompson, 133 Neb. 115, 274 N. W. 453.

In the light of the chronology of events as they have been outlined herein it cannot well be said that the dismissal, if based upon the failure to make the petition more definite and certain, involved any abuse of discretion by the district court. This is especially true in view of the fact that the plaintiff does not complain of the legal propriety of the exaction that her petition be made more definite and certain. It however is not ascertainable from the record whether or not the dismissal was based upon this phase of the motion.

As to that portion of the motion which seeks dismissal on the ground of res judicata the allegations in relation thereto were traversed. The answer contains no admission of any fact in support of the defendants' contention in this respect.

On the trial no witness was called for any purpose by either party. The following is all that appears to sustain the portion of the motion seeking dismissal on the ground of res judicata: The defendants offered in evidence the decree entered on December 5, 1946, in the case of Paul H. Schuster v. Elizabeth D. Schuster, case No. 6655, appearance docket 18, page 176; the petition, the answer, and the journal entry entered January 21, 1948, in the case of Elizabeth D. Schuster v. George Schuster, case No. 6759, appearance docket 18, page 280; and the petition filed December 16, 1947, and the decree entered February 27, 1948, in the case of Elizabeth D. Douglas, formerly Elizabeth D. Schuster, and William H. Douglas, wife and husband, v. The heirs, devisees, legatees, personal representatives and all other persons interested in the estate of Jesse C. Bickle, deceased, real names unknown, et al., case No. 6791, appearance docket 19, page 25.

To this offer the plaintiff objected for the reason that the evidence was incompetent, irrelevant, immaterial, and outside the issues of the case.

Over the objection the offered evidence was received.

There is nothing whatever in the evidence to identify the parties to the cases wherefrom the pleadings and orders came which were received in evidence, or their relationships, or the issues in those cases in any such manner as to permit the district court or this court to say whether or not the issues determined in those cases amounted to determinations binding upon the plaintiff herein. There was no foundation for its introduction, and without foundation it had no probative value on the question of res judicata.

The controlling rule as to burden of proof in such an instance as it has been stated by this court is the following: "If a defendant rely upon the rule of res adjudicata as a defense, he should bring such facts into the record as will show affirmatively that the plaintiffs' relation to the former action was such as to make the judgment therein conclusive of the matter in controversy." Hartley v. Gregory, 9 Neb. 279, 2 N. W. 878. See, also, Western Public Service Co. v. Wheeler County, 126 Neb. 120, 252 N. W. 609.

No evidence was adduced the effect of which was to show that the plaintiff's relation to the former actions or any of them was such as to make the determinations therein conclusive of the matters involved in this action. If therefore the dismissal was on the theory of former adjudication or res judicata it cannot on that ground be sustained.

In the light of the record the only proper basis upon which the motion to dismiss could have been sustained was that the plaintiff failed timely to comply with the order of the court to make the petition more definite and certain. Assuming therefore that the order was so based the order of dismissal is on that ground affirmed.

AFFIRMED.