JOHN P. REILLY, APPELLANT AND CROSS-APPELLEE, V. FIRST
NATIONAL BANK & TRUST CO., BEATRICE, NEBRASKA, APPELLEE
AND CROSS-APPELLANT.

370 N.W.2d 163

Filed July 12, 1985.   No. 84-424.

Cunningham, Blackburn, VonSeggern, Livingston, Francis & Riley, for appellant.

James G. Sharp of Everson, Noble, Wullschleger, Sutter, Sharp, Korslund & Willet, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

PER CURIAM.

This was an action by the plaintiff, John P. Reilly, against the defendant, First National Bank & Trust Co., Beatrice, Nebraska, to determine the priority of liens on the proceeds of the 1982 crop raised by Meyer Farms, Inc. The proceeds were deposited in an interest-bearing escrow account pending the determination of this action.

Since the action is equitable in nature, the review in this court is de novo on the record, but we consider that the trial court saw and heard the witnesses and accepted one version of the facts rather than another.

The record shows that the defendant bank was the principal financer of Meyer Farms, Inc., and had made loans to Gerald Meyer, the corporation president, for farming operations since 1975, taking back security interests in the farms' real estate, cattle, and equipment. Promissory notes securing the corporation's indebtedness were renewed from time to time, with additional funds advanced. On March 31, 1982, the note which was due on February 6, 1982, was renewed in the amount of $107,852.79 and became due September 27, 1982. A farm security agreement was executed in conjunction with the renewal, which covered all the Meyer Farms' crops now growing or planted from March 31, 1982. The bank had previously filed a financing statement in 1976 and continuation statement in 1980 covering the farms' assets. The bank, however, refused to advance any new funds for the planting of the 1982 crop.

The plaintiff, who is a brother-in-law of Gerald Meyer, advanced $46,082.11 to Meyer Farms, Inc., for planting and

harvesting the 1982 crop and perfected a security interest in the crop by a filing on September 21, 1982.

Reilly, Meyer, and John Dando, the bank's executive vice president, had met on February 22, 1982, to discuss financing for the 1982 crop. The parties estimated $50,000 was needed for production costs, with a projected yield of $80,000. Both parties contemplated that if Reilly advanced the money for production, there would be sufficient proceeds for Reilly to recover his advances. The bank was to receive the proceeds over and above this amount.

The proceeds from the crop, however, amounted to only $38,548.09. The check for the proceeds of the crop was made out to Meyer Farms, Inc., and the two parties. The bank refused to endorse the check over to the plaintiff and asserted its first priority over the funds.

The plaintiff then brought this action claiming priority to the proceeds under Neb. U.C.C. § 9-312(2) (Reissue 1980), and further claiming the bank was estopped by its representations to the plaintiff from asserting any lien priority.

The trial court found that the bank had priority to the first $20,000 of the proceeds but was estopped to claim priority as to the balance of the proceeds. The plaintiff has appealed and the defendant has cross-appealed.

Both parties have perfected security interests in the proceeds and claim that their lien is prior to the other lien. The interest of the defendant bank was perfected prior to the interest of the plaintiff.

Although the evidence is in conflict, we believe it established that an oral contract existed between the parties. A binding contract requires a meeting of the minds and an intention to contract. *Vandenburg v. Center Township*, 124 Neb. 790, 248 N.W. 310 (1933).

The testimony established that at the February 22, 1982, meeting, both parties were aware of the problems involved in financing Meyer Farms' 1982 crop. The corporation owed the bank more than $100,000, and the bank would not advance funds for 1982 crop production. As such, the bank's lien would prevent any other individual from advancing funds unless the bank would agree to allow a new creditor to recover his

investment from the proceeds of the 1982 crop.

The bank was unwilling to subordinate its lien entirely, but if the interest on the debt to the bank, estimated to be $20,000, could be paid first, then the bank was willing to allow the cost of producing the 1982 crop to be paid from the balance of proceeds of the crop. This, in substance, is what the trial court found to be the agreement between the parties, and we believe the evidence supports such a finding.

The plaintiff claims that under § 9-312(2) his lien is prior to the lien of the bank.

Section 9-312(2) provides:

> A perfected security interest in crops for new value given to enable the debtor to produce the crops during the production season and given not more than three months before the crops become growing crops by planting or otherwise takes priority over an earlier perfected security interest to the extent that such earlier interest secures obligations due more than six months before the crops become growing crops by planting or otherwise, even though the person giving new value had knowledge of the earlier security interest.

Section 9-312(2) does not apply because the plaintiff agreed that the interest due the bank would be paid first. The parties agreed among themselves how the proceeds of the crop would be divided, and each party is estopped to claim otherwise. Under Neb. U.C.C. § 1-102(3) (Reissue 1980), the effect of the provisions of the act as between the parties may be varied by agreement when done so in good faith.

On the motion for new trial the plaintiff attempted to show, by the answers to interrogatories, that the interest due the bank had in fact been paid. The funds used for this purpose had been realized from other collateral which secured the debt. This did not defeat the bank's right to the first $20,000 from the proceeds of the crop pursuant to the agreement. The answers to the interrogatories were available at the time of trial and were not newly discovered evidence.

A motion for a new trial based on newly discovered evidence may be sustained only if the moving party could not, with reasonable diligence, have discovered and produced the

evidence at trial. *Smith v. Erftmier*, 210 Neb. 486, 315 N.W.2d 445 (1982); *Maddox v. First Westroads Bank*, 199 Neb. 81, 256 N.W.2d 647 (1977); Neb. Rev. Stat. § 25-1143 (Reissue 1979).

The defendant's cross-appeal relates to the interest which has accrued while the proceeds were in escrow. We think the accrued interest should be divided in the same proportion as the proceeds from the crop, and the judgment of the district court should be so modified. As modified, it is affirmed.

AFFIRMED AS MODIFIED.