ALVIN GRUENEWALD AND BUD'S FLYING SERVICE, LTD., A NEBRASKA CORPORATION, APPELLANTS, V. WILLIAM A. WAARA AND LOUIS MINKOFF, APPELLEES.
WILLIAM A. WAARA AND LOUIS MINKOFF, APPELLEES, V. BUD'S FLYING SERVICE, LTD., A NEBRASKA CORPORATION, AND EL MARC AIR, INC., A NEBRASKA CORPORATION, APPELLANTS.

428 N.W.2d 210

Filed August 26, 1988.  Nos. 86-779, 86-780.

Barry L. Hemmerling, of Jeffrey, Hahn, Hemmerling & Wade, P.C., for appellants.

Noyes W. Rogers, of Leininger, Grant, Rogers & Maul, for appellees.

BOSLAUGH, CAPORALE, and GRANT, JJ., and BUCKLEY, D.J., and COLWELL, D.J., Retired.

CAPORALE, J.

These consolidated appeals arise out of the unsuccessful effort in the first case, No. 86-779, to register a foreign judgment and an as yet incomplete effort in the second case, No. 86-780, to determine the ownership and status of liens claimed on certain aircraft.

More particularly, in the first case plaintiffs-appellants, Alvin Gruenewald and Bud's Flying Service, Ltd., a Nebraska

corporation, seek to register a default judgment obtained in Texas against the defendants-appellees, William A. Waara and Louis Minkoff. In their appeal to this court, Gruenewald and Bud's Flying Service assign a number of errors which combine to assert that the trial judge, sitting without a jury, initially erred by finding that the Texas judgment was not entitled to registration and further erred by refusing to grant a new trial because of newly discovered evidence. For the reasons detailed later in this opinion, we affirm the judgment of the trial judge.

In the second case the plaintiffs-appellees, Waara and Minkoff, seek a determination that the defendants-appellants, Bud's Flying Service and El Marc Air, Inc., a Nebraska corporation, have no ownership or lien interests in certain aircraft. Bud's Flying Service and the then defendant Gruenewald, who apparently is no longer a party in this case, filed a plea in bar, asserting, in essence, that the default judgment which is the subject of the first case precludes the maintenance of this suit against them. The trial judge overruled the plea and refused to grant a new trial. This appeal followed. While it is clear that an order sustaining the plea would have had the effect of precluding the maintenance of Waara and Minkoff's suit, *Schuster v. Douglas*, 156 Neb. 484, 56 N.W.2d 618 (1953), and therefore would have been final, the order overruling the plea is not final, for the presently unsuccessful parties may ultimately prevail following a trial on the merits. The matter is analogous to the granting and denial of motions for summary judgment; our cases treat the granting of a summary judgment which fully disposes of a case as final and appealable, e.g., *Hines v. Pollock, ante* p. 614, 428 N.W.2d 208 (1988), but hold that the denial of a summary judgment is not final and appealable, e.g., *Krueger v. Zarley, ante* p. 203, 425 N.W.2d 893 (1988). Since this court acquires no jurisdiction in the absence of a judgment or final order in the court from which an appeal is taken, the appeal in this second case must be, and hereby is, dismissed. *W & K Farms v. Hi-Line Farms*, 226 Neb. 895, 416 N.W.2d 10 (1987); *McCook Equity Exch. v. Cooperative Serv. Co.*, 223 Neb. 197, 388 N.W.2d 811 (1986); Neb. Rev. Stat. § 25-1911 (Reissue 1985); Neb. Ct. R. of Prac. 4A(1)b (rev. 1986).

We thus return our attention to the first case and begin by noting that the action is brought pursuant to the provisions of Nebraska's version of the Uniform Enforcement of Foreign Judgments Act, Neb. Rev. Stat. §§ 25-1587 et seq. (Reissue 1985). As such, it is a statutory proceeding at law, *Lubin v. Lubin*, 144 Cal. App. 2d 781, 302 P.2d 49 (1956), and reviewable in accordance with the rules applicable to law actions.

The judgment at issue is based upon a petition which alleges that Waara and Minkoff were believed to be residents of Michigan, that each was engaged in business in the State of Texas, that neither maintained a regular place of business in that state, and that, not being required to do so, neither had designated an agent upon whom service of process might be made. On March 22, 1983, a judgment was rendered awarding Gruenewald and Bud's Flying Service the sum of $696,774 from Waara and the sum of $150,000 from Minkoff. The judgment also declared that a certain purported sale of an aircraft to Waara was fraudulent and thus void.

A judgment rendered by a sister state court which had jurisdiction is to be given full faith and credit, U.S. Const. art. IV, § 1, and has the same validity and effect in this state as in the state rendered, *Miller v. Kingsley*, 194 Neb. 123, 230 N.W.2d 472 (1975). Thus, Texas law is to be used to determine whether the Texas court had jurisdiction of Waara and Minkoff when it entered the default judgment. While it is presumed that a foreign court rendering a judgment had jurisdiction over the parties, a foreign judgment can be collaterally attacked by evidence that the rendering court was without such jurisdiction. *Olson v. England*, 206 Neb. 256, 292 N.W.2d 48 (1980).

The Texas law as presented to the trial judge is found in Tex. Rev. Civ. Stat. Ann. art. 2031b (Vernon). The article provides in relevant part:

Sec. 3. Any . . . non-resident natural person that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent upon whom service may be made upon causes of action arising out of

such business done in this State, the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such . . . non-resident natural person of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, wherein such . . . non-resident natural person is a party or is to be made a party.

. . . .

Sec. 5. Whenever process against a . . . non-resident natural person is made by delivering to the Secretary of State duplicate copies of such process, the Secretary of State shall require a statement of the name and address of the home or home office of the non-resident. Upon receipt of such process, the Secretary of State shall forthwith forward to the defendant a copy of the process by registered mail, return receipt requested.

The Texas Secretary of State certified that he was served with process on behalf of Waara and Minkoff; that he forwarded a copy of said process by certified mail, return receipt requested, to Waara at 518 Flightline Building 132, Box 9, Laredo International Airport, Laredo, Texas 78041, and to Minkoff at P.O. Box 177, Ypsilanti, Michigan; and that each copy was returned as "Unclaimed." We assume for the purpose of our analysis that, as Gruenewald and Bud's Flying Service alleged in the Texas court, Waara and Minkoff were indeed engaged in business in Texas at the relevant times, did not maintain a regular place of business therein, and were not required to appoint and had not appointed an agent for the service of process. The question thus becomes whether Gruenewald and Bud's Flying Service provided the secretary with the addresses required by article 2031b, § 5.

No presentation was made to the trial judge or to this court concerning the type of investigation Texas law requires be made in determining the address to be supplied to the secretary for use in fulfilling the requirements of the aforesaid statute. Under such a circumstance we presume the law of Texas to be the same as the law of Nebraska. Neb. Rev. Stat. §§ 25-12,101 et seq. (Reissue 1985); *Cockle v. Cockle,* 215 Neb. 329, 339 N.W.2d 63

(1983).

This court has held, in connection with a statute which permits service by publication after a reasonably diligent search fails to locate the party to be served, that while such a search does not require the use of all possible or conceivable means of discovery, it does require such an inquiry as a reasonably prudent person would make in view of the circumstances, and must extend to those places where information is likely to be obtained and to those persons who, in the ordinary course of events, would be likely to receive news of or from the absent person. *In re Interest of A. W.*, 224 Neb. 764, 401 N.W.2d 477 (1987). Since the opportunity to be heard is a fundamental aspect of due process, *McAllister v. McAllister*, 228 Neb. 314, 422 N.W.2d 345 (1988), the same requirement applies to the matter of determining the address to be provided the secretary under the provisions of the relevant Texas statute. Thus, the investigation must include inquiry of those who, in the ordinary course of events, would be likely to know the address of the party being sued. This is in keeping with the statement contained in Restatement (Second) of Judgments § 2(1)(b) at 34 (1982), which we hereby adopt, that notice can be considered adequate only if it is transmitted in a manner which, at a minimum, "has a reasonable certainty of resulting" in actual notice.

So far as the record shows, neither Gruenewald nor Bud's Flying Service made any effort to determine where Waara or Minkoff received his mail when the suit resulting in the subject judgment was instituted on or about February 18, 1983. The evidence is such, however, as to support findings that the Laredo address provided for Waara was in fact a box which Gruenewald and Bud's Flying Service controlled and to which Waara had no access at the time in question, and that there was no reasonable certainty that Waara would receive mail dispatched to that box. Indeed, it was more than reasonably certain he would not receive any notice. While it is true that Waara moved frequently, and thus had no permanent residence, the evidence supports a finding that he received mail at Minkoff's addresses and that a reasonable investigation would have revealed that fact.

·Minkoff received mail at two Ypsilanti, Michigan, addresses, mail from the earlier longtime address, 1010 Pearl, being forwarded to the most recent one, 520 DeSoto, which was on file as of January 20, 1983, with a central index maintained by the Federal Aviation Administration. The record further reflects that on February 16, 1983, Gruenewald received a letter from a firm of attorneys representing one of his business interests which showed that a copy had been sent to Minkoff at 520 DeSoto, Ypsilanti, Michigan. The box number supplied the secretary was an address which Minkoff had used in connection with a claim being pursued by one of his business interests. That pursuit had ended in the spring of 1982.

Whether the secretary was provided with addresses at which the mailing of process was reasonably certain to result in notice to Minkoff and Waara is a question of fact. See *United Bank v. Dohm,* 115 Ill. App. 3d 286, 450 N.E.2d 974 (1983). In that circumstance the trial judge's finding that Gruenewald and Bud's Flying Service did not comply with the requirements of article 2031(b), § 5, is to be treated as if it were a verdict and will not be set aside unless clearly wrong. *Fisbeck v. Scherbarth, Inc., ante* p. 453, 428 N.W.2d 141 (1988); *McKinstry v. County of Cass,* 228 Neb. 733, 424 N.W.2d 322 (1988). Moreover, we will not reweigh the evidence but will consider the trial judge's disposition in a light most favorable to the successful party and resolve evidentiary conflicts in favor of that party, which party is entitled to every reasonable inference deducible from the evidence. *Kearney Centre Inv. v. Thomas, ante* p. 21, 424 N.W.2d 620 (1988); *McKinstry v. County of Cass, supra.*

In view of the evidence, the trial judge's finding that Gruenewald and Bud's Flying Service failed to provide the secretary with appropriate addresses cannot be said to be clearly wrong. Accordingly, the trial judge's legal conclusion that the judgment is void and not entitled to registration is correct, and the first assignment of error is thus without merit.

The second assignment of error rests upon the claim that certain documents provided in connection with their motion for a new trial because of newly discovered evidence establish that, in fact, the secretary was provided with appropriate addresses

and, further, that Waara and Minkoff have accepted the validity of the judgment by pleading it as a bar to another suit filed against them in Texas. Even if the documents do so establish, a matter we need not and therefore do not decide, it was not established that the documents could not, with reasonable diligence, have been discovered and produced at trial. In the absence of such, the motion for new trial was properly overruled. *Reilly v. First Nat. Bank & Trust Co.*, 220 Neb. 443, 370 N.W.2d 163 (1985); *Smith v. Erftmier*, 210 Neb. 486, 315 N.W.2d 445 (1982); Neb. Rev. Stat. § 25-1142(7) (Reissue 1985). As noted in *Erftmier, supra* at 494, 315 N.W.2d at 451 (quoting from *Jensen v. John Hancock Mutual Life Ins. Co.*, 145 Neb. 409, 16 N.W.2d 847 (1944)):

"Applications for a new trial are entertained with reluctance and granted with caution, because of the manifest injustice in allowing a party to allege that which may be the consequence of his own neglect in order to defeat an adverse verdict, and, further, to prevent fraud and imposition which defeated parties may be tempted to practice to escape the consequences of an adverse verdict."

Thus, the second assignment of error is likewise without merit.

JUDGMENT IN NO. 86-779 AFFIRMED.
APPEAL IN NO. 86-780 DISMISSED.