KATHLEEN SEYMOUR FROELICH, APPELLANT AND CROSS-APPELLEE, V. WILLIAM J. FROELICH, JR., AND NANCY FROELICH BERIGAN, PERSONAL REPRESENTATIVE OF THE ESTATE OF WILLIAM J. FROELICH, DECEASED, APPELLEES, OTOE COUNTY NATIONAL BANK, A NATIONAL BANKING ASSOCIATION, INTERVENOR-APPELLEE AND CROSS-APPELLANT.

464 N.W.2d 310

Filed January 4, 1991.   No. 88-916.

William W. Griffin for appellant.

Victor J. Lich, Jr., of Lich, Herold & Mackiewicz, for intervenor-appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Via a creditor's bill, plaintiff-appellant, Kathleen Seymour Froelich, seeks to impress a lien against the interest of her former husband, defendant-appellee William J. Froelich, Jr., in the estate of his late father, William J. Froelich, administered by the personal representative, defendant-appellee Nancy Froelich Berigan. Although neither the former husband nor the personal representative has filed a brief in this court, the intervenor-appellee, Otoe County National Bank, in an endeavor to preserve the present favored position of its own lien, has filed a brief in support of the district court's judgment of dismissal. Plaintiff assigns as error the district court's failure to find a foreign decree sufficient to support the requested lien. Inasmuch as we affirm the judgment of dismissal, we do not reach the bank's assignments of error on cross-appeal, which question the district court's rulings concerning the timeliness and adequacy of plaintiff's petition.

Plaintiff's action is founded on a dissolution of marriage decree entered by the district court of Sedgwick County, Kansas. As originally entered on January 6, 1972, the decree provided that the former husband pay plaintiff both fixed and contingent child support payments for each of their two children and that he further pay her both fixed amounts for her own support over a period of 10 years and additional amounts to vary in accordance with his earned income. On December 4, 1975, the decree was modified so as to terminate the former husband's child support obligation with respect to one child and to increase the support as to the other. On October 9, 1978, the decree was again modified by substituting for the variable-income-based payments a fixed monthly payment to be adjusted each year in accordance with changes to a specified consumer price index. The Kansas court has made no determination of the amount due under its decree either as of the date this action was filed or as of the date of trial.

There is no question but that a judgment rendered by a court of a sister state which had jurisdiction is to be given full faith and credit and has the same validity and effect in this state as in the state rendered. *Gruenewald v. Waara*, 229 Neb. 619, 428 N.W.2d 210 (1988); U.S. Const. art. IV, § 1. Moreover, the jurisdiction of the sister state's court over the party is presumed. *Gruenewald v. Waara, supra.*

However, a judgment must be sufficiently certain in its terms as to enable enforcement in the manner provided by law. We so held in *Brandt v. Brandt*, 227 Neb. 325, 417 N.W.2d 339 (1988), and thus modified as unenforceable because of indefiniteness a dissolution decree requiring one party to pay the other a fixed sum plus a percentage of designated expenses. Such holding was foreshadowed by *Lenz v. Lenz*, 222 Neb. 85, 382 N.W.2d 323 (1986), wherein we affirmed the refusal of the lower court to enforce an indefinite provision of the dissolution decree purporting to require the payment of all special schooling expenses of a hearing-impaired child.

Earlier, in *Cockle v. Cockle*, 204 Neb. 88, 281 N.W.2d 392 (1979), we denied registration to a foreign judgment rendered in a dissolution action which called for the payment of variable amounts of a percentage of the judgment debtor's retirement pay. In so ruling, we relied in part on the declaration in Restatement (Second) of Conflict of Laws § 108 at 321 (1971) that a "judgment for the payment of money will not be enforced in other states unless the amount to be paid has been finally determined under the local law of the state of rendition."

Inasmuch as the decree on which plaintiff relies lacks definiteness and the amount due thereunder has not been finally determined under the law of Kansas, no lien may be obtained thereon in this action.

The judgment of the district court being correct, it is affirmed.

AFFIRMED.