Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/16/2019 09:07 AM CDT

In re Interest of Artamis G. et al.,
children under 18 years of age.
State of Nebraska, appellee, v. Krysta G.,
appellee, and Auburne G., appellant.

___ N.W.2d ___

Filed April 16, 2019.    No. A-18-743.

1. **Interventions.** Whether a party has the right to intervene in a proceeding is a question of law.
2. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court.
3. **Interventions.** As a prerequisite to intervention under Neb. Rev. Stat. § 25-328 (Reissue 2016), the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment which may be rendered by the action.
4. ____. An indirect, remote, or conjectural interest in the result of a suit is not enough to establish intervention as a matter of right.
5. **Interventions: Final Orders.** The denial of a motion to intervene is a final, appealable order.
6. **Parental Rights: Interventions.** Grandparents have a sufficient legal interest in dependency proceedings involving their biological or adopted minor grandchildren to entitle them to intervene in such proceedings prior to final disposition.
7. **Statutes: Presumptions: States.** Where the applicable law of a sister state is not presented to a Nebraska court, it is presumed to be the same as the law of Nebraska.

Appeal from the Separate Juvenile Court of Douglas County: Douglas F. Johnson, Judge. Affirmed.

Andrea Finegan McChesney, of McChesney & Farrell Law Offices, for appellant.

No appearance for appellee.

Anne E. Troia, P.C., L.L.O., guardian ad litem.

Riedmann, Bishop, and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Auburne G. asserts that she is the grandmother of Krysta G.'s six children. She appeals the order of the separate juvenile court of Douglas County denying her complaint to intervene in proceedings to adjudicate Krysta's children. For the reasons set out below, we affirm.

## BACKGROUND

In February 2017, the State filed a petition in the separate juvenile court of Douglas County, seeking to adjudicate Krysta's six children under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2016). In August, Auburne filed a complaint to intervene in the adjudication proceedings, alleging that she was the "*in loco* grandparent" of the children and therefore had an interest in the adjudication proceedings under Neb. Rev. Stat. § 25-328 (Reissue 2016). Following a hearing, the juvenile court denied Auburne's complaint "for the reason that the Complainant is not a biological relative, she is not [Krysta's] stepmother, and, additionally, [Auburne] resides in Texas." Auburne did not appeal this decision.

In May 2018, Auburne filed a second complaint to intervene, alleging that she was the grandmother of the children and therefore had a right to intervene. It appears that at least one objection to the complaint was filed, but it is not contained in our record. At the hearing on her second complaint, Auburne attempted to prove that she had adopted Krysta by

- 137 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE INTEREST OF ARTAMIS G. ET AL.
Cite as 27 Neb. App. 135

offering into evidence a copy of Krysta's birth certificate, but the court sustained objections to the exhibit on the basis that it was not authenticated. Krysta then testified that she was adopted by Auburne in Texas in December 2017. Krysta admitted that she was 33 years old at the time of the adoption. On cross-examination, Krysta stated that she has lived in Omaha, Nebraska, for approximately 8 years and, prior to that, lived in Leander, Texas, for 2 years. She confirmed that Auburne currently lives in Leander and has lived there over 10 years. Krysta further admitted that her biological mother was still living and that her parental rights to Krysta had not been terminated, nor had she relinquished those rights. Auburne offered no further evidence.

Following Krysta's testimony, the guardian ad litem for the minor children objected to Auburne's complaint to intervene, arguing that there was no testimony that Auburne had any relationship with the children. Counsel for the Department of Health and Human Services also objected to the complaint to intervene, alleging there was no evidence that Auburne was the parent of Krysta or that she was a grandparent of any of the children. The juvenile court subsequently denied Auburne's second complaint to intervene, stating that "[t]here is no evidentiary basis to grant the relief sought." Auburne timely appealed.

## ASSIGNMENT OF ERROR

Auburne assigns, restated, that the juvenile court abused its discretion in denying her complaint to intervene.

## STANDARD OF REVIEW

[1,2] Whether a party has the right to intervene in a proceeding is a question of law. *Jeffrey B. v. Amy L.*, 283 Neb. 940, 814 N.W.2d 737 (2012). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusions reached by the trial court. *Id.*

- 138 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE INTEREST OF ARTAMIS G. ET AL.
Cite as 27 Neb. App. 135

## ANALYSIS

Auburne asserts that the juvenile court abused its discretion in denying her complaint to intervene. We do not review the juvenile court's decision for abuse of discretion; rather, as a question of law, we resolve the question independently of the lower court's decision. See *id*. Auburne's ability to intervene is governed by § 25-328, which states:

> Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences.

[3,4] Thus, as a prerequisite to intervention under § 25-328, the intervenor must have a direct and legal interest of such character that the intervenor will lose or gain by the direct operation and legal effect of the judgment which may be rendered by the action. *Wayne L. Ryan Revocable Trust v. Ryan*, 297 Neb. 761, 901 N.W.2d 671 (2017). An indirect, remote, or conjectural interest in the result of a suit is not enough to establish intervention as a matter of right. *Id*. Therefore, a person seeking to intervene must allege facts showing that he or she possesses the requisite legal interest in the subject matter of the action. *Id*.

On appeal, Auburne argues that she has a direct legal interest in the adjudication proceedings because she stands in loco parentis over the minor children. Additionally, Auburne asserts that she has a direct legal interest in the adjudication proceedings because she adopted Krysta and therefore has the same legal rights as if she were Krysta's biological mother. We find each claim to be without merit.

- 139 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE INTEREST OF ARTAMIS G. ET AL.
Cite as 27 Neb. App. 135

[5] First, Auburne claims she stands in loco parentis over the minor children. However, in loco parentis status was the basis for Auburne's first complaint to intervene. The juvenile court denied that complaint, and Auburne did not appeal that decision. The denial of a motion to intervene is a final, appealable order. *Streck, Inc. v. Ryan Family*, 297 Neb. 773, 901 N.W.2d 284 (2017). See, also, *In re Interest of Kayle C. & Kylee C.*, 253 Neb. 685, 574 N.W.2d 473 (1998). Having failed to appeal the denial of her complaint to intervene on an in loco parentis basis, Auburne has waived this argument.

The operative pleading upon which this appeal is brought is Auburne's second complaint to intervene, in which she asserts that as the children's grandmother, she should be made a party as a matter of right.

[6] The Nebraska Supreme Court has held that grandparents have a sufficient legal interest in dependency proceedings involving their biological or adopted minor grandchildren to entitle them to intervene in such proceedings prior to final disposition. *In re Interest of Kayle C. & Kylee C., supra*. However, Auburne failed to prove that she is Krysta's mother. The only evidence adduced to support her assertion is Krysta's testimony that Auburne adopted her in December 2017 at the age of 33. The birth certificate offered by Auburne, which purportedly supported this assertion, was not an authenticated copy and was not admitted into evidence.

[7] Moreover, Auburne did not submit to the court Texas' adoption law; thus, the juvenile court could properly presume Texas adoption law to be the same as Nebraska's. See, *Gruenewald v. Waara*, 229 Neb. 619, 428 N.W.2d 210 (1988) (where applicable law of sister state is not presented to Nebraska court, it is presumed to be same as law of Nebraska); *Quintela v. Quintela*, 4 Neb. App. 396, 544 N.W.2d 111 (1996). Therefore, in order for this court to determine that Auburne successfully adopted Krysta, Krysta's testimony must establish that the adoption was valid under Nebraska's adoption statute.

- 140 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE INTEREST OF ARTAMIS G. ET AL.
Cite as 27 Neb. App. 135

Adoption of an adult in Nebraska is governed by Neb. Rev. Stat. § 43-101(2) (Reissue 2016), which states, in relevant part:

> The adoption of an adult child by another adult or adults who are not the stepparent of the adult child may be permitted if the adult child has had a parent-child relationship with the prospective parent or parents for a period of at least six months next preceding the adult child's age of majority and (a) the adult child has no living parents, (b) the adult child's parent or parents had been deprived of parental rights to such child by the order of any court of competent jurisdiction, (c) the parent or parents, if living, have relinquished the adult child for adoption by a written instrument, (d) the parent or parents had abandoned the child for at least six months next preceding the adult child's age of majority, or (e) the parent or parents are incapable of consenting.

Assuming, without deciding, that Auburne could establish she had a parent-child relationship with Krysta for the 6 months prior to Krysta's age of majority, the record does not support any of the circumstances set forth in § 43-101(2)(a) through (e). Krysta testified that she has a living biological mother and that her biological mother's parental rights were not terminated prior to Krysta's adoption, nor did she relinquish her parental rights to Krysta. Further, there is no evidence in the record before us indicating that Krysta was abandoned by her biological mother before she reached the age of majority or that her biological mother is incapable of consenting to Krysta's adoption. Therefore, Auburne failed to prove that she was Krysta's mother and, thus, the children's grandmother. Absent such relationship, Auburne did not have a legal right to intervene as a grandparent.

At oral argument, Auburne's counsel asserted that the evidence was sufficient to find a beneficial relationship between Auburne and the children and that, therefore, proof of a grandparent relationship was not required. We note, however,

- 141 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE INTEREST OF ARTAMIS G. ET AL.
Cite as 27 Neb. App. 135

that Auburne presented no evidence at the hearing on her second motion to intervene regarding her relationship with the children; rather, only argument of her counsel was made on this issue. The only evidence offered was the birth certificate (which was not received) and Krysta's testimony regarding the purported adoption. Denial of the second complaint to intervene was therefore proper.

## CONCLUSION

For the foregoing reasons, we conclude that the juvenile court did not err in denying Auburne's complaint to intervene.

AFFIRMED.